[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff seeks a declaratory order, by way of summary judgment, that a certain wetlands permit (Permit)issued to CT Page 7958-EE him by the defendant Wethersfield Inland Wetlands and Watercourses Commission (Wetlands Commission) in January 1980 is currently of full force and effect. The defendant Wetlands Commission and the other defendants, Town of Wethersfield, Wethersfield Planning Zoning Commission (Zoning Commission), and Fred P. Valente, Building Inspector for the Town, jointly move for summary judgment in opposition to the plaintiff. The parties have filed a joint stipulation of facts, and the court finds accordingly that there is no genuine issue as to any material fact. The court finds the legal issues in favor of the plaintiff.
The plaintiff owns the property in question, known as the "Ireland Estates," located in the Town of Wethersfield. In January 1980, the plaintiff applied to the Wetlands Commission to conduct work in a regulated activity on that property. His application indicated that the proposed activity included construction and the "deposition of material" and that it was "for the purpose of developing subdivision as shown on enclosed plan." On January 24, 1980, the Wetlands Commission approved the application and issued the Permit "for the deposition of material and development of a subdivision" on the property. The Wetlands Commission CT Page 7958-FF attached no conditions which are relevant to this appeal to the Permit.
During the twelve months following the issuance of the Permit, the plaintiff installed a storm sewer and sanitary sewer lines and filled areas of the wetlands, presumably by the deposition of materials. He also conveyed legal title to the road areas and open space areas within the property to the Town. This conveyance was made in accordance with the subdivision plan. The plaintiff continued work on the property until January 1982. At that time, he suspended operations. In September 1990, he recommenced work on the project. During the period of time while work was suspended, the Wetlands Commission amended its regulations and maps.
In September 1990, the plaintiff applied for a building permit to complete the construction work on the project. The defendant building inspector refused to issue it, claiming that the Wetlands Permit had expired. Thereafter, on May 4, 1991, the Town, through its counsel, formally declared that it considered the Permit to be invalid. CT Page 7958-GG
The defendants contend that the Permit is invalid because it has "expired." They base this contention on the theory that a wetlands permit has a limited lifespan even in the absence of any statutory, regulatory or other express limitation. This lifespan, they argue, is a "reasonable time." Unless the permittee completes the work within a reasonable time, according to their theory, the municipality may unilaterally treat the permit as a nullity. The defendants cite no Connecticut case as authority for their position. They do cite Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989), which held that the plaintiff property owners were not unconstitutionally deprived of their property rights by the municipality's threat to revoke their building permit unless they complied with certain conditions of the permit within a reasonable time (six years). The court does not consider that case persuasive in the factual setting of this case.
Both parties cite section 96-29(G) of the Wethersfield Wetlands Regulations. That regulation provides as follows:
Initiation of an activity under a permit shall be within one year CT Page 7958-HH of the granting of the permit unless the time period is extended by the agency.
As the stipulation of the parties reveals, the plaintiff installed a storm sewer and sanitary sewer lines, filled areas of the wetlands, and conveyed portions of the property to the Town. All of these activities were accomplished pursuant to the Permit and within twelve months of its issuance. Clearly, the plaintiff complied with the regulation's requirement that his activities under the permit be "initiated" within one year. The court notes, in particular, that the regulation does not require completion of the permitted activities within one year or any other timeframe.
Both parties also refer to General Statutes 22a-42a. That statute permits a wetlands agency, after a hearing, to suspend or revoke a permit for failure to comply with its conditions. All parties concede that the defendant Wetlands Commission did not follow that course of action in this case.
Based on the foregoing analysis, the court concludes that there is no basis in the law to support the defendants' unilateral invalidation CT Page 7958-II of the plaintiff's Permit. Judgment may enter for the plaintiff, therefore, declaring that the permit issued to him in January, 1980 by the defendant Wetlands Commission remains of full force and effect.